# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF JEREMY T. BERGSTROM, BAR NO. 6904.

No. 77170

**FILED**

DEC 21 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court suspend attorney Jeremy T. Bergstrom for six months, with all but the first two months stayed, for violations of RPC 1.1 (competence), RPC 1.3 (diligence), RPC 1.4 (communication), RPC 3.2 (expediting litigation), and RPC 8.1(b) (disciplinary matters). Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

The State Bar has the burden of demonstrating by clear and convincing evidence that Bergstrom committed the violations. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). We employ a deferential standard of review with respect to the hearing panel's findings of fact, SCR 105(3)(b), and thus, will not set them aside unless they are clearly erroneous or not supported by substantial evidence, *see generally Sowers v. Forest Hills Subdivision*, 129 Nev. 99, 105, 294 P.3d 427, 432 (2013); *Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009). In contrast, we review de novo a disciplinary panel's conclusions of law and recommended discipline. SCR 105(3)(b).

18-909890

Bergstrom was retained to domesticate a foreign judgment in Nevada and pursue enforcement of the judgment against the judgment debtor. He domesticated the judgment, but the record demonstrates that he then failed to competently, diligently, or expeditiously pursue enforcement, and he failed to keep his client reasonably informed about the status of the matter. Additionally, Bergstrom failed to respond to three lawful demands for information from the State Bar after the client filed a grievance and did not file an answer to the formal bar complaint until after the State Bar notified him of its intent to take a default. Because substantial evidence supports the panel's findings concerning Bergstrom's violations, we agree with the panel's conclusions that the State Bar established by clear and convincing evidence that Bergstrom violated the above-listed rules.

In determining whether the panel's recommended discipline is appropriate, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). We must ensure that the discipline is sufficient to protect the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (noting the purpose of attorney discipline).

Bergstrom violated duties owed to his client (competence, diligence, communication, and expediting litigation) and the legal profession (failing to respond to lawful requests for information by a disciplinary authority). Bergstrom's misconduct caused potential injury to his client because he failed to pursue judgment enforcement against two debtor properties that have since been sold, which may limit the client's

ability to recover on the judgment. Bergstrom harmed the integrity of the profession, which depends on a self-regulating disciplinary system and cooperation in disciplinary investigations. The record supports the panel's finding that Bergstrom's mental state was knowing regarding his violation of RPC 8.1(b) (disciplinary matters). Additionally, Bergstrom's mental state regarding the remaining violations was at least negligent.

Based on the most serious instance of misconduct at issue, Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards* 452 (Am. Bar Ass'n 2017) ("The ultimate sanction imposed should at least be consistent with the sanction for the most serious instance of misconduct among a number of violations."), the baseline sanction before considering aggravating and mitigating circumstances is suspension, *see id.* Standard 7.2 ("Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system."). The record supports the panel's findings of two aggravating circumstances (pattern of misconduct and substantial experience in the practice of law) and two mitigating circumstances (absence of prior disciplinary record and absence of dishonest or selfish motive). Thus, considering all of the factors, we conclude that a suspension is warranted but that a stayed suspension is sufficient considering that this is Bergstrom's first disciplinary matter in a 20-year career and the conduct concerned one client.

Accordingly, we hereby suspend attorney Jeremy T. Bergstrom from the practice of law for six months. The suspension is stayed for a period of one year from the date of this order subject to the following conditions: (1) he complete two CLE credits in law office management, in

addition to his annual CLE requirement, and provide proof of compliance to the State Bar within 6 months from the date of this order; and (2) he obtain a mentor with more than 20 years of experience in the practice of law and participate in a mentorship regarding law office management for the duration of the stayed suspension. Additionally, Bergstrom shall pay the actual costs of the disciplinary proceedings, including $2,500 under SCR 120 within 30 days from the date of this order, if he has not done so already. The parties shall comply with SCR 121.

It is so ORDERED.

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:     Chair, Southern Nevada Disciplinary Board
        Jeremy T. Bergstrom
        Bar Counsel, State Bar of Nevada
        Executive Director, State Bar of Nevada
        Perry Thompson, Admissions Office, U.S. Supreme Court